UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD WRIGHT SIGMUND,<br>    Plaintiff,<br><br>        v.<br><br>STARWOOD URBAN RETAIL VI, LLC,<br>*et al.,*<br>    Defendants. | Civil Action No. 03-1507 (ESH/JMF) |
| DONALD WRIGHT SIGMUND,<br>    Plaintiff,<br><br>        v.<br><br>CASSIDY & PINKARD, INC., *et al.,*<br>    Defendants. | Civil Action No. 05-1366 (ESH/JMF) |

**MEMORANDUM OPINION**

This case was referred to me for the resolution of discovery disputes. Currently pending before me is <u>Plaintiff's Motion to Compel Defendant Starwood's Designated Representative to Answer Questions Posed at Deposition</u>. For the reasons stated herein, plaintiff's motion will be granted.

**I.  BACKGROUND**

Plaintiff Donald Wright Sigmund sustained injuries from the explosion of a pipe bomb planted in his father's car by his stepbrother, Prescott Sigmund. To recover for his injuries, plaintiff brought the present lawsuit against both Prescott Sigmund and the owner of the parking garage in which the explosion occurred, Starwood Urban Retail VI, LLC ("Starwood"). Starwood in turn filed a Third-Party Complaint against Wolf & Cohen Life Insurance, Inc. for

indemnification pursuant to a lease for commercial space.

After a period of discovery, plaintiff learned that Prescott Sigmund had obtained access to the parking garage through an entrance with a rolling steel garage door. <u>Memorandum of Points and Authorities in Support of Plaintiff's Motion to Compel Defendant Starwood's Designated Representative to Answer Questions Posed at Deposition</u> ("Pls. Mem.") at 2. According to Prescott Sigmund, he was able to drive into the garage because the rolling steel garage door was broken and in the "up" position. <u>Id.</u>

Shortly after learning how Prescott Sigmund entered the garage, plaintiff filed a second lawsuit, which has been consolidated with the present one, this time against the various companies involved in the management and/or repair of the commercial building and parking garage, specifically, Cassidy & Pinkard, Inc., Cassidy & Pinkard Property Services, LLC (collectively "Cassidy & Pinkard"), Standard Parking Corporation, Standard Parking Corporation IL, Standard Parking Corporation LP (collectively "Standard Parking"), APCOA, Inc., and AGW & Associates, Inc. ("AGW & Associates"). In turn, Starwood and AGW & Associates filed cross-claims against their co-defendants for indemnification and contribution.

On September 30, 2005, plaintiff served on Starwood requests for admission. After receiving Starwood's responses, plaintiff moved to compel more complete responses. The parties had a conference call with Judge Huvelle on November 8, 2005, after which a Minute Order was issued denying without prejudice plaintiff's motion to require Starwood to respond to its requests for admission and permitting plaintiff to take a three-hour deposition to address the issues that had been the subject of those requests. Pls. Mot. at 3-4; <u>Response to Plaintiff's Motion to Compel Deposition Answers</u> ("Opp'n") at 1. Pursuant to that minute order, plaintiff

served on Starwood a Rule 30(b)(6) deposition notice.  The deposition was held on January 12, 2006.  According to plaintiff, however, Starwood's designated representative, Constance Collins, was unprepared and refused to answer questions concerning the maintenance, repair, and condition of the parking garage door.  Plaintiff further complains that Starwood failed to produce certain documents requested in the deposition notice.  On April 28, 2006, plaintiff filed the present motion to compel Starwood's representative to answer questions asked at the deposition concerning responsibility for the repair, maintenance, and condition of the parking garage door and to produce the requested documents.

**II.    DISCUSSION**

    **A.    Rule 30(b)(6) Deposition Testimony Regarding Responsibility for Maintenance, Repair, and Condition of the Rolling Steel Garage Door**

Rule 30(6)(b) of the Federal Rules of Civil Procedure allows a party to depose a corporate entity through a designated representative.  Specifically, Rule 30(b)(6) provides:

> A party may in the party's notice and in the subpoena name as the deponent a public or private corporation . . . and describe with reasonable particularity the matters on which examination is requested.  In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on their behalf, and may set forth, for each person designated, the matters on which that person will testify . . . .  The persons so designated shall testify as to matters known or reasonably available to the organization . . . .

Fed. R. Civ. P. 30(b)(6).  Because Rule 30(b)(6) allows a corporation to speak through its designated agents, the agents' testimony is generally admissible as a statement of the corporation. McKesson Corp. v. Islamic Republic of Iran, 185 F.R.D. 70, 79 (D.D.C. 1999); Rainey v. Am. Forest and Paper Ass'n, Inc., 26 F. Supp. 2d 82, 94 (D.D.C. 1998) (the witness is "speaking for the corporation").  One of the primary purposes of Rule 30(b)(6) is to "curb the

'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of the facts that are clearly known to the organization and thereby to it." Fed. R. Civ. P. 30(b)(6) advisory committee's note.  See also McKesson, 185 F.R.D. at 79; Alexander v. Fed. Bureau of Investigation, 186 F.R.D. 137, 141 (D.D.C. 1998).

In response to a proper Rule 30(b)(6) deposition notice, the responding party must designate a deponent who is knowledgeable on the subject matter identified as the area of inquiry. Alexander, 186 F.R.D. at 141.  The responding party must also prepare the deponent so that he or she can testify on matters not only within his or her personal knowledge, but also on matters reasonably known by the responding corporation. In re Vitamins Antitrust Litig., 216 F.R.D. 168, 172 (D.D.C. 2003) (defendant corporation was obligated to produce witnesses who "were thoroughly educated about the noticed deposition topics with respect to any and all facts known to [it] or its counsel"); McKesson, 185 F.R.D. at 79 ("A designee of the receiving entity should not only testify about matters within his or her own personal knowledge, but also about matters [of] which the receiving entity has reasonable knowledge and access.").

In moving to compel, plaintiff asserts that Starwood's corporate designee, Constance Collins, "failed to prepare for the deposition, failed to review documents prior to the deposition, . . . and then failed to answer questions at the deposition." Pls. Mem. at 4.  Plaintiff maintains that there are two documents relating to who was responsible for the maintenance and repair of the rolling steel garage door, specifically, a management contract entered into between Starwood and Cassidy & Pinkard and a parking services agreement entered into between Starwood and Standard Parking, and that Collins failed to review either of these documents in preparation of her deposition. Id. at 5.

In opposition, Starwood argues that the scope of the deposition was limited to issues raised in plaintiff's request for admissions and asserts that, in the telephone conference with Judge Huvelle, Judge Huvelle stated that requests for admission concerning the responsibilities of the various defendants were "improper, and not appropriate subject matter for requests for admissions, being more the equivalent of 'contention' interrogatories than requests for admissions of facts." Opp'n at 1-2 (emphasis in original).  Starwood asserts that, within the permissible scope of the deposition, Collins was adequately prepared and did in fact provide testimony. Id. at 2-3.

The present dispute revolves around deposition questions relating to who was *responsible* for the maintenance, repair, and condition of the rolling steel garage door. Pls. Mem. at 5.  Specifically, plaintiff wants to know Starwood's "contentions concerning the obligations of the parties pursuant to both the Parking Services Agreement and the Property Management Agreement." Id. at 11.  In response to such questions, Collins answered that the responsibility would have been governed by Starwood's management contract with Cassidy & Pinkard and Starwood's parking services agreement with Standard Parking. Pls. Mem., Exh. C at 27-28.  When plaintiff's counsel asked Collins who, under the terms of those agreements, was responsible for the rolling steel garage door, Starwood's attorney objected and Collins refused to answer on the ground that the questions called for a legal conclusion.[1] Id. at 22-28.

Starwood's primary argument in opposing plaintiff's present motion is that Judge

---

[1] I note that Starwood's attorney did not instruct Collins to not answer, which would have been impermissible under Rule 30(d)(1). See Fed. R. Civ. P. 30(d)(1) (prohibits an attorney from instructing the deponent not to answer unless necessary to preserve a privilege or to present a motion under Rule 30(d)(4)).  Rather, it was Collins herself who refused to answer.

Huvelle expressly excluded from the scope of the deposition questions about the defendants' responsibilities. There is absolutely nothing, however, in the record to support Starwood's contention. Judge Huvelle's order simply states the following: "Based on a conference call held this date, the Court denies without prejudice plaintiff's request to require Starwood to respond to the pending requests for admission, but will permit plaintiff a three-hour deposition . . . and plaintiff shall designate the deponent(s)." Sigmund v. Starwood Urban Retail VI, LLC, No. 03-1507 (D.D.C. Nov. 8, 2005) (Minute Order). There is no indication in the order that questions regarding defendants' responsibilities were impermissible and considered by Judge Huvelle to be beyond the scope of the deposition. Therefore, I will not deny plaintiff's motion to compel on that ground.

     Moreover, Starwood incorrectly implies that requests for admission must relate solely to facts and that legal opinions are more appropriately sought through contention interrogatories. To the contrary, in 1970, Rule 36 was amended to allow for requests applying law to fact. Fed. R. Civ. P. 36 advisory committee's note. Even before the rule was amended, it was recognized that "an approach which makes the propriety of a request turn on analytical distinctions between 'fact,' on the one hand, and 'opinion' and 'law' on the other, thwarts the effective use of the admission procedure." Ted Finman, The Request for Admissions in Federal Civil Procedure, 17 Yale L.J. 371, 412 (1962). Indeed, "an admission on a matter of opinion may facilitate proof or narrow the issues or both." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2255 (2d ed. 1994). Of particular import to the present dispute, "[a]n admission of a matter involving the application of law to fact may, in a given case, even more clearly narrow the issues." Id. A request for admission that relates to the

interpretation of a contract at issue in a case involves the application of law to the unique facts of that case and, therefore, would be permissible under the amended Rule 36. See Disability Rights Council v. Wash. Area Metro. Transit Auth., 234 F.R.D. 1, 3 (D.D.C. 2006); Booth Oil Site Admin. Group v. Safety-Kleen Corp., 194 F.R.D. 76, 80 (W.D.N.Y. 2000) ("where the question of the meaning of the document is at issue in the case, a request directed to another party seeking admission or denial of a document's meaning or intent by that party as stated in the request relates to a statement [of] fact, and it authorized by Rule 36"); Diederich v. Dep't of the Army, 132 F.R.D. 614, 617 (S.D.N.Y. 1990) ("objections that documents . . . 'speak for themselves' . . . are improper").  "Even if the meaning of a document or the intent of the parties as to a contractual provision is the issue ultimately to be decided, such questions do not raise a valid objection to a request to admit a party's understanding of a document's meaning or the intent of the parties as otherwise a party that does not intend to dispute such matters could refuse to answer thus requiring needless proof." Booth Oil Site Admin. Group, 194 F.R.D. at 80.  Accordingly, under the facts of this case, it would be permissible for plaintiff to propound requests for admission relating to Starwood's interpretation of its management contract with Cassidy & Pinkard and parking services agreement with Standard Parking.  I see no reason, and Starwood presents no reason, why similar questions could not be asked at a Rule 30(b)(6) deposition.

Starwood's position is further undermined by the case law discussing the relative effectiveness of using contention interrogatories verses Rule 30(b)(6) deposition testimony. Under Rule 33 of the Federal Rules of Civil Procedure, "[a]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an

opinion or contention that relates to the application of law to fact . . . ." Fed. R. Civ. P. 33(c). Case law discussing the relative value of these two forms of discovery imply that questions requiring the application of law to fact would be appropriate questions at a Rule 30(b)(6) deposition. See Exxon Research and Eng'g Co. v. United States, 44 Fed. Cl. 597, 600 (Ct. Fed. Cl. 1999) ("Whether a Rule 30(b)(6) deposition or a Rule 33(c) contention interrogatory is more appropriate will be a case by case factual determination."); Protective Nat'l Ins. Co. of Omaha v. Commonwealth Ins. Co., 137 F.R.D. 267, 282-83 (D. Neb. 1989) (denying defendant's request that plaintiff be forced to use contention interrogatories in lieu of taking Rule 30(b)(6) deposition testimony). See also Ecrix Corp. v. Exabyte Corp., 95 F. Supp. 2d 1155, 1158-59 (D. Colo. 2000) (over defendant's objection that questions called for legal conclusions, the court allowed Rule 30(b)(6) deposition questions about every claim of every patent and whether plaintiff's product infringed such claims). The questions at issue in the present case would not involve a particularly complicated application of law to fact, such as in patent infringement cases where contention interrogatories are sometimes found to be more appropriate. See Exxon Research and Eng'g Co., 44 Fed. Cl. at 600. Moreover, because Collins is an attorney, she should be fully capable of understanding the questions regarding Starwood's interpretation of the contracts and articulating appropriate answers. See Protective Nat'l Ins. Co. of Omaha, 137 F.R.D. at 282-83 (court refused to force plaintiff to use contention interrogatories in lieu of Rule 30(b)(6) testimony where deponent was an accountant and, therefore, had the experience necessary to explain issues).

      Having found that the questions posed to Collins were permissible, I must now determine whether Collins was adequately prepared, as Starwood's representative, to answer

those questions. It is clear from the transcript that, if Collins had answered questions as to the meaning of the contracts, she could have testified only as to her own interpretation of the contract language. It is also clear from the transcript that Collins did not consult with anyone at Starwood prior to the deposition regarding the company's interpretation of the contracts – indeed, she did not even read the contracts. As Starwood's designated representative, Collins' testimony must be based on Starwood's understanding and position. Therefore, I find that Collins was not adequately prepared to testify about who Starwood believes was responsible for the maintenance, repair, and condition of the rolling steel garage door.

For the foregoing reasons, I find that plaintiff's questions to Collins regarding the maintenance, repair, and condition of the rolling steel garage door were appropriate and I will require Starwood to designate and prepare a witness to testify about Starwood's understanding of who was responsible for repairing and maintaining the parking garage door under its management contract with Cassidy & Pinkard and parking services agreement with Standard Parking. It is possible that Starwood has no present position as to who was responsible for the maintenance, repair, and condition of the rolling steel garage door under the language of the contracts. However, if Starwood chooses to take that position, plaintiff is entitled to testimony to that effect – testimony that is binding on the company.

### B.   Production of Documents

Plaintiff also seeks the production of documents requested in his Rule 30(b)(6) deposition notice. Although plaintiff does not specify exactly which documents identified in that notice he now seeks to have compelled, he refers to eight boxes of information relating to the property that purportedly have not been produced. Pls. Mot. at 18. When plaintiff asked for

the documents at Collins' deposition, Starwood's attorney responded, "There are eight boxes of those, and I can't produce them at this point because I simply do not have the physical means to be able to do so" and "I'm turning the documents over to Cassidy & Pinkard." Pls. Mot. at 18.

In opposing plaintiff's present motion, Starwood first contends that "[m]any if not all the documents requested for production at the deposition on January 12, 2006 already had been produced." Opp'n at 4.  Second, Starwood explains that the eight boxes of documents were created by, belong to, and were returned to Cassidy & Pinkard and that all responsive documents have previously been produced by Cassidy & Pinkard. Id.  Starwood has not argued, either at Collins' deposition or in its present opposition, that the documents were not responsive to plaintiff's requests.

First, I note that Starwood states only that "[m]any *if not all* the documents" have been produced. Id. (emphasis added).  That is not sufficient – plaintiff is entitled to *all* responsive documents (assuming there is no applicable privilege).  Second, Starwood is inappropriately shifting its discovery responsibilities to Cassidy & Pinkard.  At the time the documents were requested, they were in Starwood's possession.  Starwood cannot now escape its discovery responsibilities by returning the documents to its former contractor.  Plaintiff is entitled to confirmation, *from Starwood*, that he has been provided will *all* documents responsive to the requests listed in his Rule 30(b)(6) deposition notice.  Accordingly, Starwood shall, no later than ten days for the date of this memorandum opinion, either produce the additional documents or provide plaintiff with confirmation that all responsive, non-privileged documents have been produced.

**III.     EXPERT DEPOSITION DATES**

On April 24, 2006, the Court issued a scheduling order in which the parties were instructed to meet and confer to decide upon ten separate days for the taking of expert witness depositions.  The order further instructed the parties to file notice with the Court stating which dates were decided upon.  That notice was due on May 19, 2006.  No such notice has been filed.  If the parties have successfully decided upon the dates for the depositions, they shall immediately file the required notice with the Court.  If the parties have not been able to reach an agreement as to the dates for the depositions, the parties shall file a joint status report, within five days of this memorandum opinion, explaining what they have accomplished.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: